The STATE of Ohio, Appellee,

v.

HARRINGTON, Appellant.

[Cite as *State v. Harrington,* 172 Ohio App.3d 595, 2007-Ohio-3796.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 06CA3093.

Decided July 23, 2007.

596

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Assistant Prosecuting Attorney, for appellee.

Ronnie L. Harrington, pro se.

HARSHA, Judge.

{¶ 1} Ronnie L. Harrington appeals from the trial court's summary dismissal of his petition for postconviction relief. Initially, he contends that the trial court erred because it did not issue findings of fact and conclusions of law in conjunction with dismissing the petition without an evidentiary hearing. This contention is factually incorrect. Although the court first issued an abbreviated dismissal entry that was conclusory in nature, it subsequently filed detailed findings of fact and conclusions of law.

{¶ 2} Harrington also contends that the court erred because it did not conduct an evidentiary hearing even though his petition supported his claim of actual

innocence and police misconduct. A petitioner is entitled to a hearing only when the record and supporting filings contain substantive grounds for relief. However, actual innocence is not a basis for postconviction relief absent some independent constitutional infirmity. There are other mechanisms available to protect an accused from being found guilty when the accused is in fact innocent. Moreover, the "affidavit" relating to his allegation of police misconduct is not a proper affidavit, nor does it establish a credible claim of constitutionally improper action by the state. On its face, it simply indicates that a detective offered to pay two individuals for information and reduce pending charges in return for damaging information against Harrington.

{¶ 3} Accordingly, Harrington was not entitled to an evidentiary hearing or ruling in his favor on the merits.

## I. Procedural History and Facts

{¶ 4} Harrington was convicted of several drug-related offenses in Scioto County for an incident that occurred in 2005. We affirmed his conviction in *State v. Harrington*, Scioto App. No. 05CA3038, 2006-Ohio-4388, 2006 WL 2457218, which contains a detailed recital of the facts and evidence produced at trial.

{¶ 5} The case against Harrington was largely circumstantial because no one saw him actually possess or distribute drugs. Law enforcement officials did observe a juvenile apparently selling drugs outside a bar. After watching the juvenile make a series of transactions, the officers pursued him into the bar, where he ran toward Harrington and Ronald Gavin, who were seated behind a "DJ" booth in the bar. After subduing the juvenile, the officers ordered Harrington and Gavin out of the booth because they had observed them "shuffling around" in there. Both Harrington and Gavin immediately volunteered that they were only "DJ's" and did not know the juvenile. After the officers found cocaine and a weapon in the booth, Harrington contradicted his earlier statement by saying he was not a "DJ." He also claimed that the drugs belonged to Gavin. When the police searched Harrington, they found a large sum of small bills in his pocket. After Gavin absconded before trial, Harrington was convicted on the theory that he had constructively possessed the drugs, despite his claim that they belonged to Gavin. We rejected his appeal, which contained arguments premised upon the lack of direct evidence connecting him to the drugs and/or sales.

{¶ 6} Harrington did not appeal our decision to the Supreme Court of Ohio, but instead, filed a timely petition with the trial court for postconviction relief under R.C. 2953.21. After that court denied his petition without conducting an evidentiary hearing, Harrington filed this appeal.

## II. Assignments of Error

{¶ 7} Harrington presents three assignments of error for review:

First Assignment of Error

The trial court committed prejudical [sic] error when it denied and/or overruled appellant's postconviction petition without making the statutory mandated factual finding and conclusions of law de novo.

Second Assignment of Error

The trial court committed prejudicial error when it denied and/or overruled appellant's postconviction petition when evidence has surfaced that tended to exonerated [sic] and/or evidenced police police [sic] misconduct to secure fabricated testimony.

Third Assignment of Error

The trial court improperly denied appellant['s] evidentiary hearing request.

{¶ 8} Ohio's postconviction relief statute, R.C. 2953.21, provides convicted individuals with a collateral means to attack their convictions. It is a civil proceeding designed to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A). Thus, a petitioner must demonstrate errors of a constitutional magnitude and resulting prejudice before being entitled to relief under the statute. Id. Generally, this remedy is available only for errors based upon evidence that exists outside the record on appeal. This provision is due to the res judicata effect afforded to issues that were or should have been raised on direct appeal, i.e., those that appear from the record of the trial proceedings. See *State v. Nichols* (1984), 11 Ohio St.3d 40, 42, 11 OBR 188, 463 N.E.2d 375. These include constitutional issues, see *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph eight of the syllabus, with the possible exception for unrepresented individuals. See *Nichols*, 11 Ohio St.3d at 42, 11 OBR 188, 463 N.E.2d 375.

{¶ 9} There appears to be some uncertainty concerning the appropriate standard of review conducted by an appellate court on this type of proceeding. Appellate courts, including this one, have applied varying standards, including de novo, see *State v. Gibson*, Washington App. No. 05CA20, 2005-Ohio-5353, 2005 WL 2472063, abuse of discretion, see *State v. Lemaster* (Sept. 28, 1999), Pickaway App. No. 98CA46, 1999 WL 787915, and a mixed question of fact and law, see *State v. Hoffner*, Lucas App. No. L–01–1281, 2002-Ohio-5201, 2002 WL 31162813, at ¶ 6. The Supreme Court of Ohio recently held that courts of appeal are to apply an abuse-of-discretion standard in the context of reviewing a trial court's decision on a petition after it conducts an evidentiary hearing. *State v. Gondor*,

112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 1 and 58. However, *Gondor* did not address the situation in which the trial court summarily dismisses a petition without holding a hearing. Absent such a determination, we conclude that the better approach is to apply a mixed question of law and fact analysis to determine whether the petition states substantive grounds for relief. See *Hoffner* at ¶ 6. We also conclude that we review the question of whether the trial court has filed sufficient findings of fact and conclusions of law on a de novo basis because of the nature of the issue and the fact that it cannot be addressed initially by the trial court. See *Gondor* at ¶ 53.

### III. Findings of Fact and Conclusions of Law

{¶ 10} After the trial court conducted a review of the petition, the supporting and opposing memoranda, and the record, it issued an abbreviated judgment entry on July 6, 2006. This entry dismissed the petition but did not satisfy the statutory requirement that a court ordering a dismissal without conducting an evidentiary hearing must file findings of fact and conclusions of law. See R.C. 2953.21(C). This requirement exists to provide the petitioner with proper notice of the reasons for dismissal and to assist the appellate court in a meaningful review of that decision. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 291–292, 714 N.E.2d 905.

{¶ 11} However, on July 17, 2006, the trial issued a three-page entry on petition for postconviction relief that was both comprehensive and directed to the issues the petition presented. Accordingly, the trial court satisfied its statutory mandate. See *Calhoun* at 292, 714 N.E.2d 905. Appellant's first assignment of error is meritless.

### IV. Need for an Evidentiary Hearing

{¶ 12} The law is clear that the mere filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing. Rather, the trial court need only conduct an evidentiary hearing when the petition, its supporting documents, and the record reveal that the petitioner has set forth sufficient operative facts to establish substantive grounds for relief. See *Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905, at paragraph two of the syllabus. In keeping with the standard of review we adopted above, we will afford the trial court's factual determinations due deference but make an independent determination on the ultimate legal question of whether the petition contains substantive grounds for relief.

{¶ 13} Harrington argues he was entitled to a hearing on the basis of two affidavits that establish substantive grounds for relief due to police misconduct and actual innocence, respectively. We look first at the "affidavit" of Marcell

Woods, which Harrington contends demonstrates the existence of police misconduct amounting to a deprivation of due process and a denial of the right to confront witnesses.

{¶ 14} Initially, we do not believe that the document bearing the signature of Marcell Woods meets the requirements of an affidavit. An affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (8th Ed.2004) 62. The Supreme Court of Ohio described an affidavit in *Calhoun,* 86 Ohio St.3d at 284, 714 N.E.2d 905 as being "a statement that the affiant has sworn to be truthful, and made under penalty of perjury * * *." The Woods submission does not contain any form of a jurat or certification concerning its truthfulness, the administration of an oath, or even that it was signed in the notary's presence. Thus, the trial court could have easily discredited it completely.

{¶ 15} As to its substance, the Woods submission describes a contact between the state's chief witness, Detective Timberlake, Marcell Woods, and his girlfriend. It does not indicate where or when that meeting took place. Nor does it identify any overt attempt by Timberlake to coerce, intimidate, or bribe Woods or his girlfriend into providing false testimony or evidence against Harrington. It does describe Timberlake's offer of a significant cash payment and/or assistance obtaining a reduction in charges pending against the girlfriend in exchange for information damaging to Harrington. Regardless of whether one characterizes the trial court's determination that such conduct was not improper as being factual or legal in nature, the record supports it.

{¶ 16} When the information in an affidavit does not amount to a constitutional violation even if true, then the question of its truth or falsity is inconsequential. *Calhoun,* 86 Ohio St.3d at 284, 714 N.E.2d 905. Moreover, because neither Woods nor the girlfriend testified at trial, there can be no prejudice in that regard. And because there was nothing in the Woods statement to establish that Timberlake acted improperly, arguments that the right to cross-examine and confront him to test his credibility are also meritless. See in both regards, *Calhoun,* 86 Ohio St.3d at 283, 714 N.E.2d 905, placing the burden on the defendant to demonstrate prejudice before a hearing is necessary.

{¶ 17} Next we look to the affidavit of Ronald Gavin, the codefendant who absconded before trial. Gavin's affidavit, which is in proper form, is a statement against interest and claims Harrington had no involvement in or knowledge of the illegal drug activity or the firearm. Because Gavin claims sole responsibility for the criminal activity, Harrington claims his conviction in spite of his "actual

innocence" violates due process. Unfortunately for Harrington, postconviction relief is not a proper remedy to seek relief for claims of actual innocence.

{¶ 18} As already noted, postconviction relief is available only to correct errors of constitutional magnitude that occurred at the time the accused was convicted. Ohio courts have been consistent in holding that a claim of actual innocence is not itself a constitutional claim, nor does it establish a substantive ground for postconviction relief. *State v. Nash*, Cuyahoga App. No. 87635, 2006-Ohio-5925, 2006 WL 3234017, ¶ 14; *State v. Watson* (1998), 126 Ohio App.3d 316, 323, 710 N.E.2d 340. The court in *Watson* cited the Supreme Court of the United States in *Herrera v. Collins* (1993), 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203, which concluded that a claim of actual innocence based upon newly discovered evidence did not state a basis for federal habeas corpus relief absent the occurrence of an independent constitutional violation at trial. See *Herrera*, 506 U.S. at 400, 113 S.Ct. 853, 122 L.Ed.2d 203. We have reviewed *Herrera* and its rationale, i.e., the availability of other remedies to pursue innocence, the presumption of innocence afforded an accused before trial, the myriad constitutional provisions designed to protect against the risk of convicting an innocent person, and the propriety of losing many of those protections upon being convicted by due process of law. We agree with the United States Supreme Court's conclusion that the purpose of collateral review is not factual error correction. We also conclude that application of these principles to state postconviction proceedings is appropriate.

{¶ 19} Thus, we conclude that the petitioner was not entitled to an evidentiary hearing because he has not established substantive grounds for relief.

## V. Relief on the Merits

{¶ 20} Having concluded that Harrington failed to establish the existence of substantive grounds for relief and was not entitled to a hearing, it follows that he cannot prevail upon the merits.

Judgment affirmed.

ABELE, J., concurs.

McFARLAND, P.J., concurs in judgment only.