[Cite as *State v. Francis*, 2014-Ohio-443.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :              CASE NO.   CA2013-05-078

                                      :              O P I N I O N
   - vs -                                                                    2/10/2014

                                        :

JAMES C. FRANCIS,                           :

    Defendant-Appellant.            :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-09-1533

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Repper, Pagan, Cook, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellant, James C. Francis, appeals from the decision and entry of the Butler County Common Pleas Court denying his petition for postconviction relief.  Francis argues the trial court erred in denying his PCR petition because he presented sufficient evidence to demonstrate that his trial counsel provided him with ineffective assistance by giving him erroneous sentencing information regarding the four counts of child rape to which

he pled guilty and by not filing a timely notice of appeal from his conviction on those offenses. For the reasons that follow, we conclude that the trial court did not abuse its discretion in denying Francis' ineffective assistance claim regarding erroneous sentencing information but did err in denying, on the basis that it lacked jurisdiction to rule on it, his ineffective assistance claim regarding the failure to file a timely notice of appeal. Therefore, we remand this matter to the trial court, with instructions that it rule on Francis' ineffective assistance claim regarding his trial counsel's failure to file a timely notice of appeal.

{¶ 2} In 2012, Francis pled guilty to four counts of rape, and in return, the state dismissed specifications that alleged the victims were under the age of ten. A "plea of guilty and a jury waiver" executed by Francis specified that the maximum prison term for each of the offenses to which he was pleading guilty was life in prison, and that a prison term was mandatory and presumed necessary. At Francis' sentencing hearing, Francis' trial counsel requested leniency for Francis, asking that his sentences on each of the counts be made to run concurrently so that he would be eligible for probation after ten years. The trial court imposed a ten-year prison sentence on Francis on each of the four counts, ordering that Francis' ten-year sentences on counts one and two were to be served concurrently and that his ten-year sentences on count three and four were to be served concurrently. However, the trial court ordered that Francis' concurrent sentences on counts three and four were to be served *consecutive* to his concurrent sentences on counts one and two, thereby sentencing Francis to a minimum 20-year prison term. Francis filed a notice of appeal from his conviction, but this court dismissed it because it was filed one day too late. Francis then filed a motion for a delayed appeal, which this court also denied.

{¶ 3} Francis then filed the PCR petition that forms the basis of this appeal, in which he argued that his trial counsel provided him with ineffective assistance by failing to provide him with accurate sentencing information regarding the four counts of rape to which he pled

guilty and by failing to file a timely notice of appeal from his convictions. Francis attached to his PCR petition his affidavit and his trial counsel's affidavit. The state moved for summary judgment on Francis' PCR petition, and Francis filed a motion for cross-summary judgment.

{¶ 4} The trial court denied Francis' PCR petition, determining that (1) "it lacks jurisdiction to counter or overturn a decision by an appellate court as to whether or not Francis timely filed a Notice of Appeal"; (2) "Francis' petition for postconviction relief fails because the claimed ineffective assistance regarding the plea and subsequent imposition of sentence, even with [trial] counsel's affidavit, is diametrically opposite of reality as evidenced by the recorded proceedings"; and (3) Francis "fail[ed] to establish substantive grounds for relief in his petition."

{¶ 5} Francis now appeals from the trial court's decision and entry denying his PCR petition and assigns the following as error:

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN OVERRULING FRANCIS' POST-CONVICTION PETITION.

{¶ 8} Francis presents a number of arguments in support of his contention that the trial court erred in overruling his PCR petition. We shall address them in an order and manner that will facilitate our analysis of the issues presented in this appeal.

{¶ 9} First, Francis argues this court should apply a de novo standard of review in considering the trial court's decision to overrule his PCR petition, because this matter is a "postconviction summary judgment case" under R.C. 2953.21(D). He further argues that since this matter is a postconviction summary judgment case, the trial court erred by not construing, in his favor, the facts set forth in his and his trial counsel's affidavits.

{¶ 10} R.C. 2953.21 states in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense *

- 3 -

* * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

(D) Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court.

{¶ 11} R.C. 2953.21 provides three methods for adjudicating a PCR petition. First, under R.C. 2953.21(D), either party may move for summary judgment on the issues raised. In ruling on a summary judgment motion in proceedings involving a PCR petition, the trial court must use the same standards set forth in Civ.R. 56(C), i.e., a party is entitled to summary judgment only if there is no genuine issue of material fact and reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the

- 4 -

motion for summary judgment is made. *State v. Williams*, 165 Ohio App. 3d 594, 2006-Ohio-617, ¶ 23 (11th Dist.2006). Also, in granting summary judgment, the trial court must construe any conflicts in the evidence in favor of the nonmoving party. *Id.* Summary judgment in postconviction proceedings is appropriate only if the right to summary judgment appears on the face of the record. R.C. 2953.21(D); *State v. Halliwell*, 134 Ohio App. 3d 730, 736 (8th Dist.1999). Therefore, the trial court is not authorized to consider evidence "dehors" the record i.e., outside the record, in determining the motion. *Williams* at ¶ 25.

{¶ 12} Second, under R.C. 2953.21(C), "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, paragraph two of the syllabus (1999). "In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Id.* at paragraph one of the syllabus. If the court summarily dismisses the petition without holding an evidentiary hearing, it must make and file findings of fact and conclusions of law with respect to such dismissal. R.C. 2953.21(C).

{¶ 13} Third, under R.C. 2953.21(E), if the petition and the files and records of the case fail to show that the petitioner is not entitled to relief, the court must hold a prompt evidentiary hearing on the issues raised.

{¶ 14} Here, the parties filed cross-motions for summary judgment on the issues raised by Francis' PCR petition. The trial court mentioned this fact in its decision and entry denying Francis' PCR petition, though, notably, the trial court did not expressly state that it

was granting summary judgment to the state on Francis' PCR petition. Indeed, the trial court was not permitted to award Francis summary judgment under R.C. 2953.21(D) on his ineffective assistance claims in his PCR petition because resolution of those claims was dependent on evidence dehors the record, namely, Francis' and his trial counsel's affidavits. R.C. 2953.21(D). *Williams*, 165 Ohio App. 3d 594, 2006-Ohio-617, ¶ 25. The trial court was also not permitted to award summary judgment to the state under R.C. 2953.21(D) on Francis' claims in his PCR petition because the trial court would have been obligated in the summary judgment proceedings to construe the evidence Francis presented in support of his PCR petition, i.e., his and his trial counsel's affidavits, in the light most favorable to Francis as the adverse party. *Id.* at ¶ 23.

{¶ 15} A review of the trial court's decision and entry shows that the trial court failed to set forth the distinction between granting summary judgment to the state on a PCR petition under R.C. 2953.21(D) and summarily dismissing a PCR petition under R.C. 2953.21(C). Nevertheless, we interpret the trial court's decision as one that summarily dismissed Francis' petition under R.C. 2953.21(C) rather than as one that granted summary judgment to the state under R.C. 2953.21(D). We base this determination on the fact that, in denying Francis' PCR petition, the trial court undoubtedly considered Francis' and his trial counsel's affidavits, both of which were evidence dehors the record, in evaluating Francis' ineffective assistance claims. Additionally, the trial court noted toward the end of its decision and entry, that while neither party had requested an evidentiary hearing, such a hearing was not necessary "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not set forth sufficient operative facts to establish substantive grounds for relief[,]" and that "Francis fail[ed] to establish substantive grounds for relief in his petition."

{¶ 16} Turning now to Francis' argument that this court should apply a de novo standard of review with regard to the trial court's decision to deny his PCR petition, we note

that in *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58, the Ohio Supreme Court

stated:

> The court of appeals erred by using a de novo standard of review in reversing the trial court's findings. We hold that a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.

*See also State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, ¶ 45-46 (following *Gondor*).

{¶ 17} Francis requests that we follow the Eleventh District Court of Appeals' decision

in *State v. Williams*, 11th Dist. Trumbull No. 2007-T-0105, 2008-Ohio-3257, ¶ 25-26 (*Williams*

*II*), which held that a trial court's decision to grant summary judgment to the state and against

a PCR petitioner under R.C. 2953.21(D) is to be reviewed under a de novo standard, and

that "*White* and *Gondor* are distinguishable * * * on the grounds that in those cases the trial

courts ruled on postconviction relief petitions after holding evidentiary hearings." However,

*Williams II* is distinguishable from this case in that, in *Williams II*, summary judgment was

granted to the state under R.C. 2953.21(D). In this case, by contrast, we have interpreted

the trial court's decision as one that summarily dismissed Francis' PCR petition under R.C.

2953.21(C). Nevertheless, there is at least one court of appeals that has refused to apply

*Gondor* in cases in which a PCR petition was summarily dismissed without holding an

evidentiary hearing.

{¶ 18} In *State v. Harrington*, 172 Ohio App.3d 595, 2007-Ohio-3796, ¶ 9 (4th

Dist.2007), the court refused to apply the abuse of discretion standard set forth in *Gondor* to

cases in which the trial court summarily dismisses a PCR petition without holding an

evidentiary hearing. The *Harrington* court stated at ¶ 9:

> There appears to be some uncertainty concerning the appropriate standard of review conducted by an appellate court on this type of proceeding. Appellate courts, including this one, have applied

varying standards, including de novo, see *State v. Gibson,* Washington App. No. 05CA20, 2005-Ohio-5353, 2005 WL 2472063, abuse of discretion, see *State v. Lemaster* (Sept. 28, 1999), Pickaway App. No. 98CA46, 1999 WL 787915, and a mixed question of fact and law, see *State v. Hoffner,* Lucas App. No. L-01-1281, 2002-Ohio-5201, 2002 WL 31162813, at ¶ 6. The Supreme Court of Ohio recently held that courts of appeal are to apply an abuse-of-discretion standard in the context of reviewing a trial court's decision on a petition after it conducts an evidentiary hearing. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 1 and 58. However, *Gondor* did not address the situation in which the trial court summarily dismisses a petition without holding a hearing. Absent such a determination, we conclude that the better approach is to apply a mixed question of law and fact analysis to determine whether the petition states substantive grounds for relief. See *Hoffner* at ¶ 6.

{¶ 19} In support of his claim that *Gondor* and *White* apply only to proceedings involving PCR petitions in which the trial court has held an evidentiary hearing, Francis points to the following language in *Gondor* at ¶55-56:

> The postconviction judge sees and hears the live postconviction witnesses, and he or she is therefore in a much better position to weigh their credibility than are the appellate judges.
>
> A de novo review by appellate courts would relegate the postconviction trial court to a mere testimony-gathering apparatus. Nothing in R.C. 2953.21 indicates that that should be the case.

{¶ 20} However, Francis is ignoring other language in *Gondor* that supports applying it to PCR proceedings in which no evidentiary hearing was held. In particular, Francis overlooks that *Gondor* relied on its prior decision in *Calhoun* in which no evidentiary hearing was held, in determining that the proper standard of appellate review was abuse-of-discretion.

{¶ 21} As stated in *Gondor* at ¶ 51-52:

> In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing. In *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, paragraph two of the syllabus, this court held that a trial court could dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the

files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." This court reversed the judgment of the appellate court in *Calhoun,* holding that "the trial court *did not abuse its discretion* in dismissing the credibility of [the] affidavits," which served as the basis for his petition. (Emphasis added.) *Id.* at 286, 714 N.E.2d 905.

We thus determined in *Calhoun* that the trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. We established in *Calhoun* that a court reviewing the trial court's decision in regard to its gatekeeping function should apply an abuse-of-discretion standard. The consistent approach is to grant that same level of deference to the trial court in regard to its post-hearing decision.

{¶ 22} In light of the foregoing, we conclude that under *Gondor*, a court of appeals must use an abuse-of-discretion standard, rather than a de novo standard, in reviewing a trial court's decision to summarily deny a PCR petition without holding an evidentiary hearing.

{¶ 23} Turning now to Francis' ineffective assistance claims, we note that in order to establish ineffective assistance of counsel, a defendant must show that his trial counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for that defective representation, the outcome of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 688-694, 104 S.Ct. 2052 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* at 694.

{¶ 24} Francis' first claim is that his trial counsel provided him with ineffective assistance by promising him that he would receive a "flat 10-year sentence" for pleading guilty to the four counts of child rape. In support of this claim, Francis points to his affidavit in which he stated that a few days before his plea hearing, his trial counsel told him that he had spoken with the trial judge and that his sentence would be "a flat ten years if I pled and that I would be eligible for Judicial Release after five (5) years and good time under House Bill

86[,]" and "[t]hat my plea of guilty was based on my counsel's representation that I would receive a ten year sentence with the possibility of Judicial Release and good time." Francis also points to his trial counsel's affidavit in which counsel averred that "[d]uring plea negotiations, it was my understanding that if Mr. Francis plead guilty [*sic*], he would receive a sentence of 10 years imprisonment."

{¶ 25} Francis asserts that his claim that his trial counsel "promise[d]" him that he would receive a flat ten-year sentence was "corroborated" by his trial counsel's affidavit. However, a review of trial counsel's affidavit and the entire record of this case, including the plea and sentencing hearing transcripts, belies Francis' claim that his trial counsel promised him that he would he receive a flat, ten-year sentence if he pled guilty to the four counts of child rape.

{¶ 26} As noted earlier, the Ohio Supreme Court has stated that in reviewing a PCR petition, "a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Calhoun*, 86 Ohio St.3d 279, paragraph one of the syllabus. "In determining the credibility of supporting affidavits in postconviction relief proceedings," courts "should consider all relevant factors[,]" including:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. *Id.* at 754-756, 651 N.E.2d at 1323-1324.

Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur.

*Calhoun* at 284-285.

{¶ 27} Applying these factors to this case we note that the same judge reviewing the PCR petition in this case also presided at Francis' plea and sentencing, and thus was in the best position to judge the credibility of Francis' claim that his trial counsel promised him that he would be sentenced to a "flat ten years" in prison if he pled guilty. Francis is obviously interested in the success of his own petition. Francis' argument that he was promised that he would be sentenced to prison for only ten years is contradicted by his statement during the plea colloquy that the only promise he received in return for his guilty plea was that the state would delete the language in the indictment regarding the age of his victims.

{¶ 28} Francis's trial counsel did state in his affidavit that "[d]uring plea negotiations, it was my understanding that if Mr. Francis plead [sic] guilty, he would receive a sentence of 10 years imprisonment." However, Francis' trial counsel does not state in his affidavit that he *promised* Francis that he would only receive a ten-year sentence. Additionally, there is nothing in the transcript of the sentencing hearing to show that either Francis or his trial counsel objected when the trial court stated that Francis could be sentenced to four consecutive terms, and there is nothing in the transcript of the sentencing hearing to show that Francis or his trial counsel were surprised when the trial court ordered Francis to serve his concurrent ten-year terms on counts three and four consecutive to his concurrent ten-year terms on counts one and two. In light of these circumstances, we conclude that the trial court did not abuse its discretion in determining that Francis failed to present sufficient evidence to

establish a substantive ground for relief by his ineffective assistance claim regarding the sentencing advice he received from his trial counsel. However, we conclude that the trial court did err in denying Francis' second claim in his PCR petition, i.e., his trial counsel provided him with ineffective assistance by failing to file a timely notice of appeal from his conviction, on the basis that it lacked jurisdiction to rule on it.

{¶ 29} Francis stated in his affidavit that "I asked my retained attorneys to preserve my right to appeal, but they told me that their obligation to me ended at the conclusion of the sentencing hearing[.]" Francis' trial counsel's affidavit stated that, after sentencing, he advised Francis that Francis could appeal the trial court's decision but that trial counsel would not represent Francis in that appeal because his law office did not have an appellate practice and he did not have the experience to handle such an appeal and that Francis should seek other representation. Francis' trial counsel also stated in his affidavit that he did not file a notice of appeal for Francis.

{¶ 30} Francis cited *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035 (2000) in support of his second ineffective assistance claim. *Flores-Ortega* states in pertinent part:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. *Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

{¶ 31} In its decision and entry denying Francis' PCR petition, the trial court characterized Francis' second ineffective assistance claim as an assertion by Francis that "he

was denied effective assistance of counsel as the appellate court rejected his Notice of Appeal as untimely." The trial court then dismissed Francis' second claim on the basis that the trial court "lacks jurisdiction to counter or overturn a decision by an appellate court as to whether or not Francis timely filed a Notice of Appeal." We agree with Francis that the trial court's ruling on this claim missed the point of his argument. Francis was not asking the trial court "to counter or overturn" this court's decision as to whether or not Francis filed a timely notice of appeal. Instead, Francis was arguing that his trial counsel provided him with ineffective assistance by failing to file a timely notice of appeal. We conclude that the trial court erred by refusing to rule on this claim on the ground that it lacked jurisdiction to rule on it.

{¶ 32} The state acknowledges, in a footnote to its brief, that "the trial court did not address the merits of this issue," but contends that the trial court's decision denying Francis' PCR petition should be affirmed on the principle that a correct judgment should not be reversed merely because erroneous reasons have been assigned in support of it. This principle cannot apply here, however, as the decision whether to grant or deny a PCR petition is committed to the trial court's discretion, and this court must not overturn the trial court's decision unless it constitutes an abuse of discretion. *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679 at ¶ 58. Therefore we must remand this matter to the trial court with instructions that it exercise its discretion in determining whether to grant or deny the second claim in Francis' PCR petition.

{¶ 33} In light of the foregoing, Francis' assignment of error is sustained to the extent indicated. On remand, the trial court shall rule on Francis' second claim in his PCR petition in which Francis asserts that his trial counsel provided him with ineffective assistance by failing to timely file a notice of appeal on his behalf.

{¶ 34} The trial court's judgment is reversed as to Francis' second claim, which shall

be remanded for further proceedings consistent with this opinion.

        S. POWELL and RINGLAND, JJ., concur.