[Cite as *State v. Ogle*, 2014-Ohio-4868.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 14CA17 |
| Plaintiff-Appellee, | : | **DECISION AND JUDGMENT ENTRY** |
| v. | : | |
| Melanie Ogle, | : | |
| | | **RELEASED: 10/30/2014** |
| Defendant-Appellant. | : | |

_____

HOOVER, A.J.,

{¶1}     After reviewing the notice of appeal filed in this matter, we issued an order directing Appellant Melanie Ogle to file a memorandum addressing whether the entry appealed from is a final appealable order.  At approximately the same time, the state filed a motion to dismiss the appeal on the merits on the ground that the appeal is barred by the doctrine of res judicata. Ogle has filed a memorandum arguing that the trial court's entry is a final appealable order because it denies her motion to terminate an unlawful community control. She also responded to the state's motion to dismiss her appeal on res judicata grounds. After reviewing the memorandum and the relevant law, we find that the trial court's entry is not a final appealable order and we hereby **DISMISS** the appeal. The state's motion to dismiss is **DENIED** as **MOOT**.

{¶2}     Ogle has been involved in a number of different criminal proceedings and appeals arising from her conviction by a jury of assault of a peace officer, a violation of R.C. 2903.13(A) and 2903.13(C)(3) and a felony of the fourth degree, and an Alford plea upon a reduced charge of criminal damaging, a violation of R.C. 2909.06(A)(1) and a

misdemeanor of the second degree. See *State v. Ogle,* 4th Dist. Hocking App. Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420. As part of her criminal conviction, Ogle was sentenced to community control.

**{¶3}** Recently, in May, 2014, Ogle filed a motion with the trial court seeking to have her community control terminated as unlawfully imposed. The trial court overruled the motion. Ogle appealed.

**{¶4}** Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is one that affects a "substantial right" and either determines the action or is entered in a special proceeding. R.C. 2505.02(B)(1) & (2). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Production Credit Assn. v. Hedges,* 87 Ohio App.3d 207, 210 at fn. 2 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App. 3d 499, 501 (4th Dist. 1992).

**{¶5}** In *State v. Lemaster*, 4th Dist. Pickaway App. No. 02CA0, 2003-Ohio-4557, we held that an order denying the defendant's motion "to correct and/or modify sentence" was not a final appealable order. We noted that, "[a] final appealable order includes an order which amounts to a disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment." *Id.* (internal quotations omitted). We further stated that:

> [The defendant] is asking us to review his sentence by reviewing the trial court's denial of his motion. However, the trial court's denial of this motion did not affect [the defendant's] substantial rights and determine the action. If [the defendant's] substantial rights were in fact ever violated, the violation occurred at the trial court's order of conviction and sentencing. He should have raised all arguments concerning his sentence on his direct appeal to this Court from the trial court's imposition of sentence. He failed to

do so.

*Id.* at ¶25. As a result we dismissed the appeal for lack of a final appealable order.

{¶6}   In *State v. Kaiser*, 4th Dist. Lawrence App. No. 10CA1, 2010-Ohio-4616, we followed our holding in *Lemaster* and reached the same result. *Id.* at ¶ 22 (defendant did not have a substantial right to a modification of a previously imposed sentence).  We also noted that several other courts have likewise concluded that a motion to correct, modify, or reconsider a sentence that is merely attempting to attack the original conviction or sentence is not a final appealable order. *Id.* at ¶ 21, citing *State v. Senk*, 8th Dist. Cuyahoga App. No. 88524, 2007-Ohio-3414, at ¶ 18 ("it is evident that [the defendant] is attempting to attack his sentence collaterally by appealing the trial court's denial of his motion to correct sentence. We conclude that the judgment of the trial court, which [the defendant] is appealing, is not a final appealable order."); *State v. Vanelli*, 9th Dist. Wayne App. No. 02CA66, 2003-Ohio-2717, at ¶ 9 ("The November 15, 2001 judgment entry was final and appealable, yet Appellant failed to timely appeal from that order. Appellant has filed a notice of appeal from a judgment on a motion to reconsider. Such a judgment is a nullity and is not a final, appealable order."); *State v. Tully*, 5th Dist. Stark App. No. 2001CA313, 2002-Ohio-1290 (finding that appellant's substantial rights were not affected because "[n]othing changed by virtue of the [trial court's] order"); *State v. Arnett*, 3rd Dist. No. 17-95-25, 1996 WL 106999 (Feb. 22, 1996)(finding that the trial court's denial of a motion to modify sentence was not a final appealable order); *State v. Shinkle*, 27 Ohio App.3d 54, 55 (12th Dist. 1986)("For purposes of appeal in a criminal case, a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence.").

{¶7}   We note that courts frequently treat motions to correct, re-sentence, modify,

or vacate sentences as petitions for post-conviction relief. See *State v. Eubanks*, 6th Dist. Lucas App. No. L-07-1302, 2008-Ohio-1296. However, post-conviction relief petitions are used to assert claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio or United States Constitution such that the conviction should be vacated or set aside. R.C. 2953.21(A)(1). The general rule is that all post-conviction claims are barred by res judicata except those that were unavailable at trial or on appeal because they are outside the record. *State v. Harrington*, 172 Ohio App.3d 595, 2007-Ohio-3796, 876 N.E.2d 626 (4th Dist.), at ¶ 8.

{¶8}   Ogle's motion to terminate her community control is an attempt to correct or modify her sentence and, under *Kaiser* and *LeMaster*, supra, the trial court's order denying it is not a final appealable order.  Trial courts lack any statutory authority to terminate community control outside the statutory framework provided in R.C. 2929.15(C).  See *State v. Castillo*, 2nd Dist. Montgomery App. No. 24022, 2011-Ohio-1821 (holding that trial court has no power modify a sentence to terminate community control except under R.C. 2929.15(C) where the offender, "for a significant period of time, fulfills the conditions of a sanction in an exemplary manner"). Ogle seeks to terminate the community control on the grounds that it was an unlawful sanction, not pursuant to R.C. 2929.15(C). Thus, the trial court has no authority to terminate the sanction and the order denying her motion is not a final, appealable order.   Additionally, Ogle's argument that her community control sanction was unlawful could have been, and was, raised on direct appeal. Therefore, we decline to treat Ogle's motion for termination of unlawful community control as a post-conviction relief petition.

{¶9}   The trial court's order denying Ogle's motion is not a final appealable order. Because the trial court's order denying the motion is not a final appealable order, we do

not have jurisdiction to consider this appeal from that entry. Therefore, we **DISMISS** this appeal for lack of jurisdiction.

{¶10}  The clerk shall serve a copy of this order on all counsel of record at their last known addresses. The clerk shall serve appellant by certified mail, return receipt requested.  If returned unserved, the clerk shall serve appellant by ordinary mail.

**APPEAL DISMISSED. MOTION TO DISMISS DENIED AS MOOT. COSTS TO APPELLANT. IT IS SO ORDERED.**

Abele, P.J. & McFarland, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Administrative Judge