[Cite as *State v. Ogle*, 2017-Ohio-869.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 16CA22 |
| Plaintiff-Appellee, | : | **DECISION AND JUDGMENT ENTRY** |
| v. | : | |
| Melanie A. Ogle, | : | |
| Defendant-Appellant. | : | **RELEASED: 3/06/2017** |

_____

HARSHA, A.J.,

**{¶1}** Appellant Melanie A. Ogle appealed an order terminating a prior probation/community control order, discharging her from probation/community control, and restoring her to all civil rights unless otherwise prohibited by law. (Hocking County Court of Common Pleas Case No. 09CR0125, Order of Court, Oct. 5, 2016) The state filed a motion to dismiss arguing that the order is not a final appealable order. Ogle opposed the motion, arguing that the order was an implicit denial of her pending postconviction relief petition. We dismiss Ogle's appeal because the order appealed from is not a final appealable order. Moreover, we have previously held that Ogle has waived her right to appeal her community control sanction. We **GRANT** the state's motion and **DISMISS** this appeal because the entry appealed from is not a final, appealable order.

I. Procedural History

**{¶2}** In September 2011, Ogle was sentenced to three years of community control as part of her sentence on felony assault conviction. Later, due to damage she inflicted on an ankle monitor, the trial court found her guilty of criminal damaging and, as part of a

plea bargain, sentenced her to thirty (30) days in jail, all suspended. She was also placed

on non-reporting probation for eighteen (18) months, ordered to make restitution of

$1,300.00, and ordered to pay court costs. Ogle also agreed to a two-year extension of

her prior three-year community control sanction stemming from her assault conviction. As

a result, Ogle's community control, which started in September 2011 had a total five-year

term expiring in September 2016. Ogle appealed and we affirmed the trial court's

judgment. *State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11,

12CA12, 12CA19, 2013-Ohio-3420, ¶ 78-79, 82, 99, 104.

{¶3}  We held that the two-year extension of community control was part of a plea

bargain and was not subject to review under R.C. 2953.08(D):

> Community control was imposed as part of Appellant's sentence for felony
> assault. It was imposed pursuant to plea negotiations which also resolved a
> misdemeanor charge. Community control as part of a felony sentence may
> not exceed five years. R.C. 2929.15(A)(1). Similarly, community control as
> part of a misdemeanor sentence may not exceed five years. R.C.
> 2929.25(2). The record reflects this was an agreed sentence and our review
> indicates it is not contrary to law. We agree Appellant waived her right to
> appeal. As such, we affirm the judgment of the trial court and overrule this
> assignment of error.

*Id*. at ¶ 104. A comprehensive procedural history of this case and other related cases is

set forth in the 2013 *Ogle*, *supra,* decision.

{¶4}  More recently, in September 2016, Ogle filed a postconviction relief petition

challenging the September 2011 conviction and sentence. The state opposed the petition

and, according to the court docket, the trial court had not yet ruled on Ogle's petition when

she filed this appeal.

{¶5}  Also in September 2016, Ogle's extended community control sanction

expired and the trial court entered an order terminating it that stated: "Considered and

Ordered this 26 day of September, 2016 that the probation order entered on the 27 day of

September, 2011 [and journalized on the 28th] pertaining to the above named probationer

be terminated, that he/she be discharged from probation, and restored to all civil rights,

unless otherwise prohibited by law."

{¶6}    Ogle appealed the trial court's order discharging her from community control.

## II. Legal Analysis

{¶7}    The trial court's entry terminating community control sanctions and

discharging Ogle is not a final appealable order. Appellate courts in Ohio have jurisdiction

to review the final orders or judgments of inferior courts within their district. Section

3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is one

that affects a "substantial right" and either determines the action or is entered in a special

proceeding. R.C. 2505.02(B)(1) & (2). If a judgment is not final and appealable, then an

appellate court has no jurisdiction to review the matter and must dismiss the appeal.

*Production Credit Assn. v. Hedges,* 87 Ohio App.3d 207, 210 at fn. 2 (4th Dist. 1993);

*Kouns v. Pemberton*, 84 Ohio App. 3d 499, 501 (4th Dist. 1992). "Special proceeding"

means "an action or proceeding that is specially created by statute and that prior to 1853

was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶8}    Community control proceedings are created by statute and set forth in R.C.

2929.15.  Like judicial release, community control proceedings are special proceedings.

*See State v. Dowler*, 4th Dist. Athens No. 15CA7, 2015-Ohio-5027, ¶14-17 (discussing

judicial release and its predecessor, shock probation). Thus, orders revoking community

control and imposing a sentence are final appealable orders because the order is made in

a special proceeding and affects a substantial right. *See, generally, In re G.S.*, 4th Dist.

Pike No. 14CA852, 2015-Ohio-1285, ¶14-15.

{¶9}    However, not all orders arising out of community control proceedings affect a

substantial right. "An order affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7. Covered rights include any "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶10} In *State v. Ogle*, 4th Dist. Hocking No. 14CA17, 2014-Ohio-4868, we held that an order denying Ogle's motion to terminate her community control was not a final appealable order because her motion was an attempt to correct or modify her sentence. Trial courts lack any statutory authority to terminate community control outside the statutory framework provided in R.C. 2929.15(C). *See State v. Castillo*, 2d Dist. Montgomery App. No. 24022, 2011–Ohio–1821 (holding that trial court has no power modify a sentence to terminate community control except under R.C. 2929.15(C) where the offender, "for a significant period of time, fulfills the conditions of a sanction in an exemplary manner"). Ogle sought to terminate the community control because she argued it was an unlawful sanction, not pursuant to R.C. 2929.15(C). Thus, we held that the trial court had no authority to terminate the sanction and the order denying her motion was not a final, appealable order. Additionally, we held that Ogle's argument that her community control sanction was unlawful could have been, and was, raised on direct appeal. Therefore, we declined to treat Ogle's motion for termination of unlawful community control as a postconviction relief petition. *Id.* at ¶ 4-8.

{¶11} Here, the trial court's order officially records and memorializes the expiration of Ogle's five-year community control term. It does not revoke community control and impose a sentence or otherwise affect a substantial right. Ogle has no right to have her

community control sanction continue beyond the five-year term. Community control as part of a felony sentence may not exceed five years. R.C. 2929.15(A)(1).

{¶12} The trial court's order did not affect a "substantial right" and therefore, it is not a final, appealable order and we lack jurisdiction to consider this appeal.

### III. Conclusion

{¶13} We conclude that the trial court's order terminating Ogle's community control and discharging her from it did not affect a substantial right and is not a final, appealable order. Because the trial court's order is not a final appealable order, we do not have jurisdiction to consider an appeal from that order. Therefore, we **GRANT** the state's motion and **DISMISS** this appeal.

{¶14} The clerk shall serve a copy of this order on all counsel of record at their last known addresses. The clerk shall serve appellant by certified mail, return receipt requested. If returned unserved, the clerk shall serve appellant by ordinary mail.

{¶15} **MOTION TO DISMISS GRANTED. APPEAL DISMISSED. COSTS TO APPELLANT.**

{¶16} **IT IS SO ORDERED.**

Abele, J. & Hoover, J.: Concur.

FOR THE COURT

_____

William H. Harsha
Administrative Judge