[Cite as *State v. Dupler*, 2019-Ohio-1662.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TROY A. DUPLER, | : | Case No. CT2018-0068 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Muskingum County
                               Court of Common Pleas, Case No.
                               CR2018-0110


JUDGMENT:                      Affirmed


DATE OF JUDGMENT:              April 30, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                         TROY A. DUPLER, pro se.
Prosecuting Attorney                      Inst. No. A743-982
                                          Noble Correctional Inst.
By: TAYLOR P. BENNINGTON                  15708 McConnesville Road
Assistant Prosecuting Attorney            Caldwell, Ohio 43724-9678
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1}   Troy Dupler appeals the decision of the Muskingum County Court of Common Pleas denying his R.C. 2953.21 petition for post-conviction relief. Appellant is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   The facts leading to appellant's conviction are not relevant to the resolution of this appeal and are omitted.

{¶3}   On April 26, 2018, Appellant entered a guilty plea to Possession of Drugs (Methamphetamine) with a Forfeiture Specification and a Firearm Specification, a felony of the second degree, in violation of R.C. 2925.11(A), 2941.1417 and 2941.145; Trafficking in Drugs (Methamphetamine) with a Forfeiture Specification and a Firearm Specification, a felony of the second degree, in violation of R.C. 2925.03(A)(2) and 2941.1417 and Having Weapon While Under Disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3) and Possession of Drug Paraphernalia, a misdemeanor of the fourth degree, in violation of R.C. 2925.14(C)(1).

{¶4}   The parties executed a joint sentencing recommendation agreeing that appellant should be sentenced to five years and forfeit the $2,505.00 seized in this matter. The trial court accepted the guilty plea, imposed the recommended sentence, ordered that a weapon be forfeit and waived all mandatory fines.  The sentencing entry reveals the trial court was silent as to any finding regarding allied offenses. Appellant did not file an appeal of his conviction or sentence.

**{¶5}**   On August 31, 2018 appellant filed a petition for post-conviction relief asserting two grounds in support of the petition.  First, that the sentences for violation of R.C. 2925.11(A) and R.C. 2925.03(A)(2) are void because the statutes describe allied offenses of similar import and that imposing a punishment for both is a violation of the double jeopardy clause. He also claimed his sentence for having a weapon under disability was void because the court imposed a sentence in terms of months rather than years.

**{¶6}**   Appellee replied that appellant's arguments were undermined by the fact that he participated and received a jointly recommended sentence, that there is no legal distinction between 24 months and 2 years with regard to the sentence for having weapon under disability and the argument regarding allied offenses of similar import should fail because there was no objection filed nor was there an appeal filed asserting error.

**{¶7}**   On September 27, 2018 the trial court denied the motion without a hearing finding:

> The defendant was sentenced pursuant to a joint recommendation by the state and the defendant, and his sentence is authorized by law. Further he failed to file a direct appeal, nor is his sentence void; therefore the doctrine of *res judicata* bars his claims. Finally the defendant fails to provide anything beyond the record in this case to support his claims. Therefore after due consideration of the same, the defendant's motion is **Denied** and his request for an evidentiary hearing is also **Denied**.

*Entry,* Sept. *27,* 2018, Docket # 33*, (sic)*

**{¶8}** Appellant filed a timely notice of appeal and asserted 3 assignments of error:

**{¶9}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED POSTCONVICTION RELIEF."

**{¶10}** "II. GIVEN THE ISSUE OF R.C. §2925.11 (A) & §2925.03 (A) (2)'S ALLIED NATURE IS WELL SETTLED, FAILURE TO MERGE CONVICTIONS AT SENTENCING HEARING RESULTS IN A DOUBLE JEOPARDY VIOLATION."

**{¶11}** "III. A SENTENCE IMPOSED IN TERMS NOT PROVIDED BY STATUTE IS VOID AB INITIO."

### STANDARD OF REVIEW

A trial court's decision to grant or deny a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief if it is supported by competent and credible evidence. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, as the Fourth District Court of Appeals has discussed, the question of the standard of review to apply when the petition is dismissed without a hearing was not addressed by *Gondor*:

As we noted in *State v. Harrington*, 172 Ohio App.3d 595, 2007-Ohio-3796, 876 N.E.2d 626, at ¶ 9, there is some uncertainty concerning the appropriate standard of review used by an appellate court when reviewing a trial court's decision to dismiss a petition for

postconviction relief without an evidentiary hearing. See also *State v. Hoffner*, Lucas App. No. L-01-1281, 2002-Ohio-5201 [2002 WL 31162813], at ¶ 6. Appellate courts, including this one, have applied varying standards, including de novo, see *State v. Gibson*, Washington App. No. 05CA20, 2005-Ohio-5353 [2005 WL 2472063], abuse of discretion, see *State v. McKnight*, Vinton App. No. 07CA665, 2008-Ohio-2435 [2008 WL 2124076], and a mixed question of fact and law, see *Harrington, supra*. While the Supreme Court of Ohio held in *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, that courts of appeals are to apply an abuse of discretion standard in the context of reviewing a trial court's decision on a petition after it conducts an evidentiary hearing, it did not address the appropriate standard on this type of proceeding, i.e., where the trial court summarily dismisses a petition without a hearing. Because decisions denying such petitions involve both factual and legal questions, we apply a mixed question of law and fact standard of review to determine whether the petition states substantive grounds for relief. See *Harrington, supra*. Thus, we review the trial court's decision on factual issues using a manifest weight standard of review, and we review the trial court's decision on legal issues on a de novo basis. See *Hoffner, supra*.

*State v. Weaver*, 5th Dist. No. CT2017-0075, 2018-Ohio-2509, 114 N.E.3d 766, ¶ 18, *appeal not allowed,* 153 Ohio St.3d 1504, 2018-Ohio-4285, 109 N.E.3d 1260, ¶ 18.

## ANALYSIS

**{¶12}** Because the first and second assignments of error are so closely related, we will address them simultaneously.

**{¶13}** Appellant's first assignment of error states that "the trial court abused its discretion when it denied postconviction relief" and the argument adds a contention that an evidentiary hearing was required. In his second assignment of error appellant asserts that the court erred by sentencing him on allied offenses, specifically possession and trafficking of drugs based on the same evidence. Appellant relies upon *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181 and *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923 (2010). Both cases have been superseded by a more recent Supreme Court of Ohio decision which we applied to a case with facts analogous to the case before us today.

The Ohio Supreme Court, in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, subsequently extended *Fischer* somewhat by holding that the imposition of separate sentences for allied offenses of similar import is contrary to law and such sentences are void. As such, *res judicata* does not preclude a court from correcting those sentences after a direct appeal. *Id.* at ¶ 2. Nonetheless, the Court reiterated that void sentence jurisprudence does *not* apply to challenges to a sentencing court's basic determination as to "whether offenses are allied." *Id.* at ¶ 24. The Court thus stated that "* * * when a trial court finds that convictions are not

allied offenses of similar import, or *when it fails to make any finding regarding whether the offenses are allied*, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of *res judicata*." *Id.* at ¶ 26, emphasis added.

Recently, in *State ex rel. Cowan v. Gallagher*, —— N.E.3d ——, 2018-Ohio-1463, the Ohio Supreme Court clarified its *Williams* holding as follows: "* * * [A] judgment of sentence is void in one particular circumstance: when the trial court determines that multiple counts should be merged but then proceeds to impose separate sentences in disregard of its own ruling." *Id.* at ¶ 20, citing *Williams* at ¶¶ 28–29.

In the case *sub judice*, our present review of the 2003 sentencing entry reveals the trial court was silent as to any finding regarding allied offenses. As such, we are compelled to apply the above rationale of the Ohio Supreme Court set forth in *Williams* and *Cowan*. Accordingly, we hold appellant's 2016 challenge to his sentencing based on an allied offense theory could have been raised as part of his direct appeal, and his present claim is therefore barred by *res judicata*.

*State v. Franklin*, 5th Dist. Stark No. 2017 CA 00170, 2018-Ohio-2904, ¶¶ 16-18, *appeal not allowed,* 154 Ohio St.3d 1423, 2018-Ohio-4496, 111 N.E.3d 21, ¶¶ 16-18.

**{¶14}** In the case at bar, the trial court did not make any finding with regard to allied sentences of similar import. The record before this Court is silent on that issue. Therefore, as noted above, we are compelled to apply the rationale of the Supreme Court of Ohio set forth in *Williams* and *Cowan* and hold that appellant's 2018 challenge to sentencing based on an allied offense theory could have been raised as part of his direct appeal and his present claim is therefore barred by res judicata.

**{¶15}** Finally, because it can be determined from the record before the court that there were no substantial grounds for relief, we find that the trial court was not obligated to conduct a hearing. R.C. 2953.21(D) The trial court determined that the petition, the files and records of the case showed the petitioner was not entitled to relief, so it appropriately made and filed findings of fact and conclusions of law and entered enter judgment denying relief on the petition. R.C. 2953.21(F), (H).

**{¶16}** Appellant's first and second assignments of error are overruled.

**{¶17}** Appellee proposes, in his third assignment of error that the trial court was not authorized to impose a sentence for two years and instead was required to impose a sentence for 24 months. Appellant cites *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512 in support of his contention, but that case did not address imposing a sentence in years rather than months. Instead, in that case the Supreme Court of Ohio found that "A trial court cannot impose a prison term and a no-contact order for the same felony offense." *Id* at ¶ 1. The holding supports the general contention that the trial court cannot impose a sentence not authorized by law, but it does not address the question in this case: whether the trial court is obligated to state its sentence for having a

weapon while under a disability in months rather than years when the time periods are equivalent.

{¶18} The same issue was addressed by the Eighth District Court of Appeals in the context of an amendment to R.C. 2923.13. In that case "the trial court sentenced Shepherd to three years for this offense, which equals 36 months, and is, therefore, not contrary to law." *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶¶ 84-85. We hold that the same analysis applies to the case at bar; appellant was sentenced to two years, which equals twenty-four months and is therefore not contrary to law.

{¶19} We further hold that this purported error is not prejudicial to appellant as the time of incarceration is equivalent regardless of the time period used to measure the sentence. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded, Crim R. 52 (A) and the trial court committed no error prejudicial to the appellant. App.R. 12(B).

{¶20} Appellant's third assignment of error is overruled.

{¶21} The decision of the Muskingum County Court of Common Pleas is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.