[Cite as *State v. Norris*, 2017-Ohio-1570.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CLARENCE P. NORRIS | : | Case No. CT2016-0037 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2016-0042

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            April 26, 2017

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

D. MICHAEL HADDOX                       ELIZABETH N. GABA
Prosecuting Attorney                    1231 East Broad Street
                                        Columbus, Ohio 43205
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
27 North Fifth Street, PO Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1} Appellant Clarence P. Norris appeals a judgment convicting him upon a plea of guilty to aggravated burglary (R.C. 2911.11(A)(1)), three counts of aggravated robbery (R.C. 2911.01(A)(1)), and six counts of kidnapping (R.C. 2905.01(A)(2) &(3)), with accompanying firearm specifications (R.C. 2941.145), and one count of theft (R.C. 2913.02(A)(1)). Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 26, 2014, appellant, along with a group of other individuals, invaded a home. They entered with a firearm and a taser gun, and one of them stole a gun from a kitchen drawer inside the house. After kicking in the door, they searched the home and threatened the owner and her two young children. They tased the homeowner and demanded money.

{¶3} Appellant was indicted on eleven felony counts: one count of aggravated burglary, three counts of aggravated robbery, six counts of kidnapping and one count of theft. All counts except the theft carried accompanying firearm specifications. Appellant agreed to enter a plea of guilty. The State and appellant agreed to recommend a sentence of ten years incarceration, and appellant agreed to testify against the others involved in the home invasion.

{¶4} At the plea hearing, the trial court ascertained that appellant understood that each of the first ten counts carried a firearm specification, and that a firearm specification carries a three-year mandatory sentence, to be served consecutively to any other sentence. Tr. (Plea) 6. Further, the plea form reflected that the sentences on the firearm specifications were mandatory and mandatory consecutive. The plea form further recited

that appellant understood that any sentencing recommendation did not have to be followed by the court. Appellant argued at the plea hearing that the firearm specifications should merge into a single three-year sentence, and the trial court asked counsel to submit his argument in writing.

{¶5} The case proceeded to sentencing. At sentencing, the issue of the merger of the firearm specifications was discussed. Appellant argued that the firearm specifications should merge, and only one three-year mandatory sentence should be served. The State disagreed. The court noted that if they all had to be consecutive, the State could not live up to its plea negotiations. The State then argued that the court must impose two consecutive firearm specifications pursuant to statute, and after that it was discretionary with the court as to whether to impose any additional specifications. When counsel for appellant noted that it did not make a difference if the time served was pursuant to the firearm specifications or the underlying crime, the court stated that it did make a difference, as the firearm specifications were mandatory time as opposed to regular time. The court stated that it wanted to make sure appellant understood this difference. Counsel for appellant informed the court that appellant did understand that the second three years would make a difference as to his eligibility for earned days of credit and some programs he could participate in. The court then clarified once again that two firearm specifications are the minimum, especially when there were three victims.

{¶6} The court immediately thereafter asked appellant if there was anything he wanted to say in his own behalf, and appellant said that he wanted to say he was sorry to his family. The court merged three of the kidnapping counts into the other three kidnapping counts, and sentenced appellant to ten years incarceration on each of the

convictions for aggravated burglary, aggravated robbery, and kidnapping, and eighteen months incarceration on the theft conviction, to be served concurrently. The court sentenced appellant to three-year mandatory terms of incarceration on the firearm specifications accompanying the aggravated burglary charge and one of the kidnapping charges, to be served consecutively, for an aggregate term of sixteen years.

{¶7}    Appellant assigns four errors on appeal:

{¶8}    "I.    IF THE TRIAL COURT IS CORRECT THAT NORRIS WOULD BE SUBJECT TO THE MANDATORY IMPOSITION OF A CONSECUTIVE SENTENCE FOR AT LEAST TWO OF THE FIREARM SPECIFICATIONS HE WAS ABOUT TO PLEAD TO, WHERE, THE SENTENCE FOR EACH FIREARM SPECIFICATION MUST MANDATORILY BE CONSECUTIVE TO THE OTHER PURSUANT TO R.C. 2929.14(B)(1)(g) AND ALSO CONSECUTIVE TO THE UNDERLYING CHARGES, THEN THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION DURING THE PLEA HEARING, WHEN IT FAILED TO ADVISE NORRIS OF THIS. APPELLANT'S PLEAS WERE NOT ENTERED KNOWINGLY INTELLIGENTLY AND VOLUNTARILY BECAUSE THE TRIAL COURT FAILED TO INFORM HIM THAT HIS GUILTY PLEAS REQUIRED THE COURT TO IMPOSE MANDATORY CONSECUTIVE SENTENCES IN THAT FASHION.

{¶9}    "II.    IF THE TRIAL COURT IS WRONG IN ITS APPLICATION OF 2929.4(B)(1)(g), THEN THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION AT SENTENCING WHEN IT RULED THAT THE COURT WAS REQUIRED BY LAW, MANDATORILY, TO RUN THE FIREARM SPECIFICATION ASSOCIATED WITH COUNT ONE, AGGRAVATED

BURGLARY, AND THE FIREARM SPECIFICATION ASSOCIATED WITH COUNT FIVE, KIDNAPPING, CONSECUTIVE TO ONE ANOTHER AND TO THE UNDERLYING COUNTS. R.C. 2929.14(B)(1)(g) ONLY APPLIES IF THE COURT SENTENCES A DEFENDANT ON A FIREARM SPECIFICATION THAT IS ASSOCIATED WITH ONE OF THE OFFENSES LISTED IN THAT SECTION; ANY OTHER RESULT WOULD BE ABSURD.

**{¶10}** "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION AT SENTENCING, WHEN IT DID NOT COMPLETELY STOP THE SENTENCING HEARING ONCE IT DETERMINED THAT THE STATE AND TRIAL COUNSEL COULD NOT 'LIVE UP TO YOUR PLEA NEGOTIATIONS.'

**{¶11}** "IV. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

I.

**{¶12}** In his first assignment of error, appellant argues that his pleas were not knowing, intelligent, and voluntary because the trial court failed to inform him that mandatory consecutive sentences were required by law on at least two of the firearm specifications.

**{¶13}** Criminal Rule 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a guilty plea without performing these duties. *State v. Holmes,* 5th Dist. Licking No. 09 CA 70, 2010–Ohio–428. Crim.R. 11(C)(2)(a) states the trial court must determine, "* * * that the defendant is making the

plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

**{¶14}** Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham*, 5th Dist. Licking No.2011–CA–121, 2012–Ohio–2957, *citing State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981). Among the non-constitutional rights enumerated under Crim.R. 11 are that the defendant be informed of the maximum penalty. *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, ¶ 5. Compliance with the "maximum penalty" provision of Crim.R. 11(C)(2) requires the court to inform the defendant, prior to taking a guilty plea, that a charge carries a mandatory consecutive sentence. *Id.* at ¶12.

**{¶15}** Appellant argues that the court did not advise him that he would be required to serve at least two of the mandatory, consecutive sentences imposed on the firearm specifications. The following colloquy occurred during the plea hearing:

THE COURT: You understand that there's a firearm specification as to each and every one of those counts?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that a firearm specification carries a three-year mandatory sentence, which must be served consecutively to any other sentence you receive?

THE DEFENDANT: Yes, sir.

Tr. (Plea) 6.

**{¶16}** Therefore, the trial court informed appellant that he could serve up to ten mandatory three-year consecutive sentences on the firearm specifications. Further, the court informed appellant that the prosecutor's recommendation of a ten-year sentence was not binding on the court, and appellant stated that he understood. Tr. (Plea) 9. The trial court substantially complied with Crim. R. 11 in the plea colloquy, and appellant's plea was entered knowingly, intelligently, and voluntarily.

**{¶17}** The first assignment of error is overruled.

II.

**{¶18}** In his second assignment of error, appellant argues that the trial court erred in sentencing him to two mandatory consecutive terms on the firearm specifications pursuant to R.C. 2929.14(B)(1)(g).

**{¶19}** Ordinarily, the court may not impose sentences on multiple firearm specifications for felonies committed as part of the same act or transaction. R.C. 2929.14(B)(1)(b). However, R.C. 2929.14(B)(1)(g) provides an exception:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its

discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**{¶20}** The trial court imposed sentences on the firearm specifications for aggravated burglary and one of the counts of kidnapping. Appellant argues that because the court did not impose sentence on the firearm specification for aggravated robbery, this statute does not apply.

**{¶21}** The statute does not specifically require that one of the firearm specifications on which the court chooses to impose sentence be the specification attached to one of the enumerated offenses. The statute simply requires that if the offender is convicted or pleads guilty to two or more felonies, one of those felonies is enumerated in the statute, and the offender is convicted of or pleads guilty to a firearm specification in connection with two or more of the felonies, the court shall impose the prison term for each of the two most serious specifications. The statute further does not specify how the trial court is to determine which are the most serious specifications of which the offender was convicted, and does not expressly state that the "most serious specifications" are those attached to the listed crimes.

**{¶22}** In the instant case, appellant pled guilty to aggravated robbery and the associated firearm specification. He pled guilty to ten felonies with associated firearm specifications carrying mandatory three-year sentences. Pursuant to the statute, the court did not err in imposing sentence on two of the felonies, even though the court elected not to impose the firearm specification on one of the aggravated robbery convictions.

**{¶23}** The second assignment of error is overruled.

III.

**{¶24}** In his third assignment of error, appellant argues that the trial court erred in not stopping the sentencing hearing once it determined that the State could not live up to its plea negotiations.

**{¶25}** At the sentencing hearing, the following discussion took place concerning the imposition of the firearm specifications:

MR. MCNAMARA:  Ended up being two before they left.  But nevertheless, I believe all the specifications merge so that there is one three-year mandatory to be served prior to any other time.  Is that---

MR. LITTLE:  I'm going to disagree with that.  Firearm specifications don't merge.  And it could only be one gun and it could not – they would nonetheless still not merge.  I think that's 2929.14(B)(1)(g).

THE COURT:  And they are all consecutive.

MR. LITTLE:  What? I'm sorry?

THE COURT:  Then they all have to be consecutive, and you can't live up to your plea negotiations.

Tr.(Sentencing) 6.

**{¶26}** The prosecutor went on to explain that the court must impose the first two consecutively, and then it would be discretionary as to whether the court imposes any additional firearm specifications.  Counsel for appellant maintained that the court should impose one three-year consecutive sentence, but even if there were two three-year mandatory sentences on the firearm specifications, imposed consecutive to four years of incarceration on the underlying felonies, it still adds up to ten.  Thus, it was possible to

live up to the recommendation in the plea agreement even with the imposition of two mandatory firearm specifications.

{¶27} As discussed in the first assignment of error, appellant was informed by the court that the firearm specifications carried mandatory three-year consecutive sentences. Further, he was advised orally at the plea hearing and in the written plea agreement that the recommendation of ten years was not binding on the court. The record does not support appellant's claim that the State did not live up to its representation to recommend a sentence of ten years; rather, the sixteen year sentence was imposed as a result of the court's decision to not follow the joint recommendation. The trial court further ensured that appellant understood the difference between mandatory time and regular time at the sentencing hearing. Appellant did not at any point in the hearing express a desire to withdraw his plea, nor did he express a lack of understanding of the possible sentence. The trial court did not err in failing to sua sponte terminate the sentencing hearing in order to allow appellant to withdraw his guilty plea when appellant expressed no indication that desired to do so.

{¶28} The third assignment of error is overruled.

IV.

{¶29} In his final assignment of error, appellant argues that trial counsel was ineffective in his deficient understanding of R.C. 2929.14(B)(1)(g), by his failure to object to the trial court's lack of an appropriate colloquy at the plea hearing as set forth in the first assignment of error, and by his failure to move to withdraw the plea at sentencing when warned by the court that there was "no real plea agreement," as set forth in the third assignment of error.

{¶30} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶31} Appellant has not demonstrated prejudice. Although counsel continued to argue on appellant's behalf that only one firearm specification should be imposed, the record does not demonstrate that appellant entered the plea based on counsel's representations concerning the merger of the firearm specifications into a single three-year sentence. As discussed in the first assignment of error, the court informed appellant that a three-year mandatory consecutive sentence was possible on each of the ten firearm specifications, and the trial court thus complied with Crim. R. 11. At the

sentencing hearing, the trial court's comment concerning the plea agreement was based on the State's initial representation that firearm specifications don't merge, which suggested that a three-year mandatory term must be imposed on each of the firearm specifications. The State then clarified that sentence on only two of the firearm specifications must be imposed, thereby rendering it possible for the court to sentence appellant in accordance with the joint recommendation. Appellant further was notified both orally and in writing that the sentencing recommendation was not binding on the court. Appellant has not demonstrated that but for counsel's alleged errors, the result of the proceeding would have been different.

{¶32} The fourth assignment of error is overruled.

{¶33} The judgment of the Muskingum County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.