[Cite as *State v. Norris*, 2018-Ohio-3079.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CLARENCE NORRIS | : | Case No. CT2017-0067 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Court of Common
                                     Pleas, Case No. CR2016-0042

JUDGMENT:                            Affirmed

DATE OF JUDGMENT:                    August 2, 2018

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

D. MICHAEL HADDOX                     ELIZABETH N. GABA
Prosecuting Attorney                  1231 East Broad Street
By: GERALD V. ANDERSON II             Columbus, OH  43205
Assistant Prosecuting Attorney
27 N. Fifth Street, 2nd Floor
Zanesville, OH  43702

*Wise, Earle, J.*

{¶ 1}   Petitioner- appellant Clarence P. Norris appeals the September 25, 2017 judgment of the Muskingum County Court of Common Pleas which denied his petition for post-conviction relief. Plaintiff-appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}   On April 26, 2014, appellant, along with several other individuals, invaded a home. They entered with a firearm and a taser gun, and one of them stole a gun from a kitchen drawer inside the house. After kicking in the door, they searched the home and threatened the owner and her two young children. They tased the homeowner and demanded money.

{¶ 3}   Appellant was later indicted on eleven felony counts: one count of aggravated burglary, three counts of aggravated robbery, six counts of kidnapping and one count of theft. All counts except the theft carried firearm specifications. Following negotiations with the state, appellant elected to enter a pleas of guilty. The State agreed to recommend a sentence of ten years incarceration, and appellant agreed to testify against the others involved in the home invasion.

{¶ 4}   At the plea hearing, there was some confusion between the parties as to how appellant would be required to serve the firearm specifications. Before taking appellant's pleas of guilty, however, the trial court determined not only that appellant understood each of the charges against him, but that ten counts of the indictment carried a firearm specification, and that a firearm specification carries a three-year mandatory sentence, to be served consecutively to any other sentence. Additionally, the court determined that appellant understood the court was not bound by the prosecutor's

sentencing recommendation. Appellant's signed plea form further recited that appellant understood that any sentencing recommendation did not have to be followed by the court. Counsel for appellant argued that the firearm specifications should merge into a single three-year sentence. The trial court asked counsel to submit his argument in writing. After accepting appellant's pleas of guilty, the trial court ordered a pre-sentence investigation, and set the matter over for sentencing.

{¶ 5}   At sentencing, the issue of the merger of the firearm specifications was further discussed. Counsel for appellant argued that the firearm specifications should merge, and only one three-year mandatory sentence should be served. The State disagreed. The court noted that if they all had to be consecutive, the State could not live up to its plea negotiations. The State then argued that the court must impose two consecutive firearm specifications pursuant to statute, and after that, it was within the court's discretion to impose any additional specifications. When counsel for appellant noted that it did not make a difference if the time served was pursuant to the firearm specifications or the underlying crime, the court stated that it did make a difference, as the firearm specifications were mandatory time as opposed to regular time. The court stated that it wanted to make sure appellant understood this difference. Counsel for appellant informed the court that appellant did understand that the second three years would make a difference as to his eligibility for earned days of credit and some programs he could participate in. The court then clarified once again that two firearm specifications are the minimum, especially when there were three victims.

{¶ 6}   Before imposing sentence, the trial court asked appellant if there was anything he wanted to say in his own behalf, and appellant apologized to his family. The

court then merged three of the kidnapping counts into the other three kidnapping counts, and sentenced appellant to ten years incarceration on each of the convictions for aggravated burglary, aggravated robbery, and kidnapping, and eighteen months incarceration on the theft conviction, to be served concurrently. The court sentenced appellant to three-year mandatory terms of incarceration on the firearm specifications accompanying the aggravated burglary charge and one of the kidnapping charges, to be served consecutively, for an aggregate term of sixteen years.

{¶ 7}   Appellant filed an appeal with this court raising four assignments of error challenging the consecutive nature of the firearm specifications, the fact that the trial court did not suspend the plea hearing when it because apparent that the plea negotiations overlooked consecutive imposition of the firearm specifications, and that trial counsel was ineffective in his deficient understanding of sentencing for the specifications, by his failure to object to the trial court's lack of an appropriate colloquy, and by his failure to move to withdraw the plea at sentencing when warned by the court that a ten year sentence was not possible. We affirmed appellant's convictions and sentence. *State v. Norris*, 5th Dist. Muskingum No. CT2016-0037, 2017-Ohio-1570.

{¶ 8}   On September 7, 2017, appellant filed a timely petition for post-conviction relief. He raised three arguments alleging ineffective assistance of counsel, including an argument that his trial counsel rendered ineffective assistance because he never explored appellant's alleged intellectual deficits/mental retardation. According to appellant, these deficits rendered him incapable of being the "mastermind" of these crimes and of understanding his plea and sentence. In support of this claim, appellant attached to his

petition, evidence that he had an individualized education program (IEP) during his senior year of high school.

{¶ 9} The trial court denied the petition without a hearing, finding all of appellant's claims were barred by the doctrine of re judicata.

{¶ 10} Appellant filed an appeal, and the matter is now before this court for consideration. He raises two assignments of error:

I

{¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S PETITION FOR POSTCONVICTION RELIEF BASED ON "RES JUDICATA". THE DOCTRINE OF RES JUDICATA DOES NOT BAR POSTCONVICTION CLAIMS THAT ARE SUPPORTED BY EVIDENCE THAT IS OUTSIDE THE RECORD OF THE MERIT APPEAL."

II

{¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S PETITION FOR POSTCONVICTION RELIEF BASED ON "RES JUDICATA". APPELLANT SUBMITTED EVIDENTIARY DOCUMENTS CONTAINING SUFFICIENT OPERATIVE FACTS TO DEMONSTRATE THE LACK OF COMPETENT COUNSEL AND THAT THE DEFENSE WAS PREJUDICED BY COUNSEL'S INEFFECTIVENESS."

{¶ 13} Because they are interrelated, we address appellant's assignments of error together. Appellant argues the trial court erred when it dismissed his petition for postconviction relief on the basis of res judicata because he submitted evidentiary quality documents outside the record which were sufficient to support his claim of ineffective

assistance of trial counsel. He argues trial counsel was ineffective because he failed to investigate his background and discover he is severely intellectually challenged/mentally retarded. We agree in part, and disagree in part.

Standard of Review

{¶ 14} R.C. 2953.21(A) states in part:

> (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States... may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 15} We note that appellee cites *State v. Gondor*, 112 Ohio St. 3d 377, 2006-Ohio-6679, 860 N.E.2d 77 for our standard of review in this matter. *Gondor* found a trial court's decision to grant or deny a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion and a reviewing court should not overrule the trial court's finding on a petition for postconviction relief if it is supported by competent

and credible evidence. *Id.* ¶ 58. We recently noted however, in *State v. Weaver*, 5th Dist. Muskingum No. CT2017-0075, 2018-Ohio-2509 at ¶18:

[A]s the Fourth District Court of Appeals has discussed, the question of the standard of review to apply when the petition is dismissed without a hearing was not addressed by *Gondor*:

As we noted in *State v. Harrington*, 172 Ohio App.3d 595, 2007-Ohio-3796, 876 N.E.2d 626, at ¶ 9, there is some uncertainty concerning the appropriate standard of review used by an appellate court when reviewing a trial court's decision to dismiss a petition for postconviction relief without an evidentiary hearing. See also *State v. Hoffner*, Lucas App. No. L-01-1281, 2002-Ohio-5201, at ¶ 6. Appellate courts, including this one, have applied varying standards, including de novo, see *State v. Gibson*, Washington App. No. 05CA20, 2005-Ohio-5353, abuse of discretion, see *State v. McKnight*, Vinton App. No. 07CA665, 2008-Ohio-2435, and a mixed question of fact and law, see *Harrington*, supra. While the Supreme Court of Ohio held in *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, that courts of appeals are to apply an abuse of discretion standard in the context of reviewing a trial court's decision on a petition after it conducts an evidentiary hearing, it did not address the appropriate standard on this type of proceeding, i.e.,

where the trial court summarily dismisses a petition without a hearing. Because decisions denying such petitions involve both factual and legal questions, we apply a mixed question of law and fact standard of review to determine whether the petition states substantive grounds for relief. See *Harrington*, supra. Thus, we review the trial court's decision on factual issues using a manifest weight standard of review, and we review the trial court's decision on legal issues on a de novo basis. See *Hoffner*, supra.

{¶ 16} Citing *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 9.

{¶ 17} As in *Weaver*, the trial court here found appellant's claim of ineffective assistance of counsel raised in the petition was barred by res judicata. This presents a question of law which we review de novo.

Postconviction Relief

{¶ 18} A petition for postconviction relief under R.C. 2953.21 is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A petition for postconviction relief is a means to reach constitutional issues that would be impossible to reach in a direct appeal because the evidence supporting the petitioner's claims are not contained in the record of the petitioner's criminal conviction. *State v. Zich*, 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶ 9, quoting *State v. Murphy*, 10th Dist. Franklin App. No. 00AP–233, 2000 WL 1877526 (Dec. 26, 2000). R.C. 2953.21 affords a petitioner postconviction relief "only if

the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

### Res Judicata

{¶ 19} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

### Ineffective Assistance of Trial Counsel

{¶ 20} The standard for ineffective assistance of counsel is set forth in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), certiorari denied 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must establish two criteria. First that counsel's performance fell below an objective standard of reasonable representation and second that prejudice arises from counsel's performance. *Id.* 142. In other words, appellant must establish "... but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### Appellant's Petition for Postconviction Relief

{¶ 21} Appellant set forth three claims in his petition for postconviction relief. In the first, appellant alleged that trial counsel rendered ineffective assistance because he failed

to discover appellant's alleged severe intellectual disabilities/mental retardation. According to appellant, counsel should have recognized his challenges and enlisted experts to perform I.Q and adaptive behavior testing on appellant. He argued his alleged disability impacted not only whether he had a defense to the allegations against him, but also whether he entered a knowing, intelligent and voluntary plea. Appellant supported these claims with a copy of an IEP from his senior year of high school. Petition at 8-12.

{¶ 22} In his second claim, appellant alleged trial counsel rendered ineffective assistance because he did not understand how the firearm specifications were to be served, and that the trial court compounded counsel's error by accepting appellant's pleas and asking trial counsel to submit his arguments in regard to sentencing before the sentencing hearing. Petition at 12-14.

{¶ 23} In his third claim, appellant argued counsel rendered ineffective assistance when he went forward with appellant's sentencing despite the fact that the state and trial counsel could not "live up to" their original 10-year plea negotiation. He further argued the trial court compounded this error by failing to correct counsel's misunderstanding of the law. Petition at 14-18.

Analysis

{¶ 24} First, we find the trial court correctly rejected appellant's second and third postconviction petition claims on the basis of res judicata. Not only could these complaints have been raised in a direct appeal, they were raised, and we rejected them. *State v. Norris*, 5th Dist. Muskingum No. CT2016–0037 2017-Ohio-1570 at ¶ 27.

{¶ 25} Next, as for appellant's first petition claim, we find the trial court erred in granting summary judgement on the basis of res judica. However, after a review of the

evidence submitted by appellant in support of his ineffective assistance claim, the trial record, and the PSI we nonetheless affirm the trial court's grant of summary judgement.

{¶ 26} Appellant did submit evidence outside the record in support of his first claim. However, before a petitioner can be granted a hearing in proceedings for postconviction relief upon a claim of ineffective assistance of trial counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that demonstrate a substantial violation of any of trial counsel's essential duties, in addition to prejudice arising from that ineffectiveness. *State v. Church*, 5th Dist. Stark No. 2017CA00216, 2018-Ohio-368 ¶ 23, citing *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999) and *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980). Failure to present essential operative facts in supporting evidentiary quality materials warrants dismissal of the petition for post-conviction relief without a hearing. *State v. Murphy*, 5th Dist. Tuscarawas No. 87AP050039, 1987 WL 19835 (October 29, 1987).

{¶ 27} As noted above, appellant submitted evidence consisting solely of his IEP from his senior year of high school. Nothing in this document, nor in the record, supports a conclusion that appellant is mentally retarded, nor so intellectually incapacitated that that he was incapable of understanding the proceedings. Appellant therefore failed to produce any evidence to support a conclusion that trial counsel knew, or should have known of appellant's alleged challenges. We thus find appellant failed to support his petition with evidentiary quality materials supporting his contention that counsel failed to perform any of his essential duties.

{¶ 28} The first and second assignments of error are overruled.

{¶ 29} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.


EEW/rw