[Cite as *State v. Lewis*, 2019-Ohio-3630.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19 CA 000001 |
| FRANK L. LEWIS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  17CR11-0295

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 9, 2019

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

CHARLES T. McCONVILLE               JOHN S. PYLE
PROSECUTING ATTORNEY                PUBLIC DEFENDER
117 East High Street, Suite 234     110 East High Street
Mount Vernon, Ohio  43050           Mount Vernon, Ohio  43050

*Wise, John, P. J.*

**{¶1}** Defendant-Appellant Frank L. Lewis appeals his sentence entered in the Knox County Common Pleas Court following a guilty plea to one count of Possession of Drugs.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** The relevant procedural facts leading to this appeal are as follows.

**{¶4}** On November 21, 2017, the Knox County Grand Jury indicted Frank L. Lucas on one count of Possession of Drugs, a felony of the third degree, in violation of R.C. §2925.11(A).

**{¶5}** On April 16, 2018, Appellant, through counsel, filed a motion to suppress.

**{¶6}** On May 18, 2018, the trial court conducted a hearing on Appellant's motion to suppress.

**{¶7}** At the suppression hearing, the trial court heard testimony from Patrolman Joshua Kirby of the Mount Vernon Police Department, who testified that on November 12, 2017, sometime after 1:00 a.m., he initiated a traffic stop on a maroon Cadillac travelling on Howard Street in the City of Mount Vernon, Ohio. (T. at 12-14). The Cadillac was being driven by Appellant Frank Lewis. (T. at 14). The speed limit on Howard Street is 25 miles per hour. (T. at 12-17).

**{¶8}** Ptl. Kirby stated that before initiating the stop, he made two observations. First, he visually estimated the speed of Mr. Lewis' vehicle at 30 miles per hour. (T. at 12). Ptl. Kirby explained that he had been trained in the visual estimation of vehicle speed at the Ohio State Highway Patrol Academy in 2016. (T. at 5- 6). Ptl. Kirby also used the

Python 3 radar unit in his cruiser to measure the Cadillac's speed at 29 miles per hour. (T. at 13). Ptl. Kirby stated that pursuant to his training, he tracked the vehicle for four (4) seconds with the radar unit, confirming the 29 mph speed. (*Id.*) Ptl. Kirby had likewise been trained in the use of speed measuring devices at the OSP Academy. (T. at 5).

**{¶9}** Patrolman Kirby also testified that he knew about "several reports of drug activity in and around" Appellant's residence. (T. at 18). He testified that he had gotten this information on various calls that he had handled as well as information from fellow officers, including one of his shift supervisors, Corporal Young. Ptl. Kirby also knew that Appellant was in the vehicle based on his prior observation of Appellant and the vehicle at a Speedway station earlier. (T. at 17).

**{¶10}** When Ptl. Kirby pulled Appellant over, he requested assistance from Ptl. Wheeler, a MVPD K9 officer, who arrived less than four minutes later. (T. at 18). He also stated that it was his intention to issue Appellant a warning for his speed. (T. at 19). Ptl Kirby testified "unless it's an excessive speed I'll issue a warning ticket first for a first offense." (*Id.*)

**{¶11}** MVPD Patrolman Nicholas Myrda, who also responded to the scene, testified that when he arrived Ptl. Wheeler was at the scene and performing a K9 sniff of the vehicle. (T. at 33). After the K9 sniff, Appellant was discovered to be in possession of 3.2 grams of methamphetamine, which exceeds the bulk amount. (Plea T. at 10).

**{¶12}** By Judgment Entry filed May 31, 2018, the trial court denied Appellant's motion to suppress.

**{¶13}** On October 31, 2018, Appellant entered a plea of no contest to the charge.

{¶14} On January 22, 2019, at the sentencing hearing, the trial court sentenced Appellant to a prison term of thirty (30) months.

{¶15} Appellant now appeals, raising the following Assignment of Error:

<u>ASSIGNMENT OF ERROR</u>

{¶16} "I. THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO SUPPRESS, IN VIOLATION OF MR. LEWIS' RIGHTS UNDER THE FORTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, § 14 OF THE OHIO CONSTITUTION BECAUSE THE ARRESTING OFFICER COULD NOT POINT TO ANY SPECIFIC AND ARTICULABLE FACTS WHICH WOULD LEAD HIM TO BELIEVE THAT THE APPELLANT WAS DRIVING IN A MANNER THAT VIOLATED OHIO R.C. §4511.21 (A)."

**I.**

{¶17} In his sole Assignment of Error, Appellant argues the trial court erred in denying his motion to suppress. We disagree.

{¶1} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry*

(1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

{¶2} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶3} As we have previously recognized, "[t]he Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion." *State v. Lewis*, 5th Dist. Licking No. 18-CA-17, 2018-Ohio-3681, ¶ 21, citing *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23. Concisely stated, "[u]nder *Terry* [*supra*], police officers may briefly stop and/or temporarily detain individuals in order to investigate possible criminal activity if the officers have a reasonable, articulable suspicion that criminal activity may be afoot, including a minor traffic violation." *State v. Saunders*, 5th Dist. Muskingum No. CT2017-0052, 2018-Ohio-2624, ¶ 27, quoting *State v. Swift*, 2nd Dist. Montgomery No. 27036, 2016–Ohio–8191, ¶ 10 (internal quotations omitted).

{¶4} Reasonable suspicion constitutes something less than probable cause. *State v. Logan,* 5th Dist. Richland No. 07–CA–56, 2008–Ohio–2969, ¶ 15, citing *State v.*

*Carlson* (1995), 102 Ohio App.3d 585, 590. A single suspected traffic violation provides reasonable suspicion for an officer to stop a vehicle. *See State v. Panaro*, 9th Dist. Medina No. 16CA0067-M, 2018-Ohio-1005, 108 N.E.3d 1187, ¶ 15 (citations omitted).

**{¶18}**  In the instant case, the trial court found Ptl. Kirby had reasonable, articulable suspicion to stop Appellant based on his visual estimation of Appellant doing 30 mph and the radar-measured speed of 29 mph in a 25 mph speed zone.

**{¶19}** Appellant herein argues that the State was also required to show that Appellant was driving unsafely because the speeding violation occurred on a city street where driving in excess of the posted speed limit was *prima facia* violation and not a *per se* violation.

**{¶20}**  In rejecting such argument, the Ohio Supreme Court noted, "the question of whether appellant might have a possible defense to a charge of speeding is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge." S*tate v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4538 at ¶ 23.

**{¶21}** Further, it is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis*, 5th Dist. Licking No. 14 CA 103, 2015-Ohio-3739, ¶ 25

**{¶22}**  We accept the trial court's conclusion that Appellant's violation of the traffic laws gave Ptl. Kirby reasonable suspicion to stop Appellant's vehicle as the factual findings made by the trial court are supported by competent and credible evidence.

**{¶23}**  Appellant's assignment of error is overruled.

**{¶24}**  For the reasons stated in the foregoing opinion, the decision of the Knox Count Court of Common Pleas is affirmed.


By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.


JWW/d 0827