[Cite as *State v. Lewis*, 2021-Ohio-1360.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 20CA000013 |
| FRANK LEWIS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Knox County
Court of Common Pleas, Case No.
17CR11-0295

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 16, 2021

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

CHARLES T. MCCONVILLE     MAX HERSCH
Prosecuting Attorney     Assistant State Public Defender
117 East High Street, Ste. 234     250 East Broad Street, Ste. 1400
Mount Vernon, OH 43050     Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant Frank Lewis appeals the May 7, 2020 judgment entry of the Knox County Court of Common Pleas denying his petition for post-conviction relief. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On November 21, 2017, appellant was indicted by the Knox County Grand Jury on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the third degree. Appellant filed a motion to suppress on April 16, 2018. The trial court held an evidentiary hearing on May 18, 2018.

{¶3} At the hearing, Patrolman Kirby ("Kirby") stated he went up to appellant's vehicle after initiating a traffic stop at 1:38 a.m. At the beginning of the stop, Kirby requested a canine unit. Kirby asked appellant for his license, registration, and proof of insurance. Kirby testified that from the time he initiated the stop to the time the officer with the canine arrived on scene was a total of approximately three minutes and thirty seconds, as the canine unit arrived at 1:41 a.m. Kirby had not yet taken appellant's information back to the cruiser when the canine unit arrived.

{¶4} Kirby explained to appellant that he usually issues a warning for excessive speed, but he goes through a series of steps before issuing the warning. His usual procedure is to: take the information from the driver back to his cruiser; have dispatch check the vehicle and driver for driving status; make sure the car registration is current; pull up the information in his cruiser so he has what he needs to write the information onto the warning ticket; and check if any of the occupants of the vehicle have warrants. In this case, there was a female passenger in the vehicle. Kirby stated it would usually take him

approximately ten minutes from the beginning of the stop to issue a warning ticket. Trial counsel for appellant cross-examined Kirby.

{¶5} The next witness, Laura Webster ("Webster"), Knox County 911 Operations Director, testified to the time each cruiser arrived on the scene. Kirby initiated the stop at 1:38 a.m., the canine unit arrived at 1:41 a.m., and Patrolman Myrda ("Myrda") arrived at 1:45 a.m. She stated the scene was "cleared" at 2:42 a.m. Trial counsel did not cross-examine Webster.

{¶6} Myrda stated when he arrived on the scene at 1:45 a.m., the officer was walking the canine around the vehicle. Trial counsel for appellant did not cross-examine Myrda.

{¶7} The trial court denied the motion to suppress on May 31, 2018. Appellant pled no contest to the charge on January 22, 2019 and was sentenced to a definite prison term of thirty months.

{¶8} Appellant filed an appeal with this Court and argued the trial court erred by denying appellant's motion to suppress because the arresting officer could not point to any specific and articulable facts which would lead him to believe appellant was driving in a manner that violated R.C. 4511.21(A). In *State v. Lewis*, 5th Dist. Knox No. 19 CA 000001, 2019-Ohio-3630, we overruled appellant's assignment of error.

{¶9} Appellant filed a pro se petition to vacate or set aside his sentence on February 10, 2020. Attached to the petition is the affidavit of appellant. He avers the following: counsel was appointed by the Knox County Public Defender to represent him and he is filing the petition to vacate based upon ineffective assistance of counsel.

{¶10} Counsel for appellant filed an amended petition on April 8, 2020, arguing trial counsel was ineffective for failing to cross-examine certain witnesses and failing to ask any questions about the actual search of the vehicle. Appellee filed a memorandum in opposition on April 28, 2020.

{¶11} The trial court issued a judgment entry on May 7, 2020, denying appellant's petition for post-conviction relief. The trial court noted appellant was represented at the suppression hearing by the Knox County Public Defender, who has more than forty-six years of experience and appears before the trial court on a regular basis. The trial court found trial counsel for appellant at the suppression hearing was qualified, competent, and not ineffective, and appellant suffered no prejudice as a result of any alleged deficiencies. The trial court concluded appellant failed to present any essential operative facts to support his claim of ineffective assistance of counsel and failed to show a reasonable probability that the outcome of the suppression hearing and his subsequent conviction and sentence would have been different.

{¶12} Appellant appeals the May 7, 2020 judgment entry of the Knox County Court of Common Pleas and assigns the following as error:

{¶13} "I. THE TRIAL COURT ERRED BY DENYING FRANK LEWIS'S PETITION FOR POSTCONVICTION RELIEF WITHOUT A HEARING. *STRICKLAND V. WASHINGTON*, 466 U.S. 668, 104 S.CT. 2052, 80 L.ED.2D 674 (1984); *STATE V. NORRIS*, 5TH DIST. MUSKINGUM NO. CT2017-0067, 2018-OHIO-3079; R.C. 2953.21(D); MAY 7, 2020 DECISION AND ENTRY; MAY 18, 2018 SUPP. HRG. AT 22-33."

I.

{¶14} The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.*

{¶15} The Ohio Supreme Court has recognized "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The Ohio Supreme Court has held that a proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief. *Id.*

{¶16} A defendant may only seek post-conviction relief for violations of his State and Federal Constitutional rights. Both the United States Constitution and the Ohio Constitution provide for the right to effective assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate, but for

counsel's errors, the result of the trial court would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶17} In order for a petitioner to be entitled to an evidentiary hearing in a post-conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part *Strickland* test is to be applied. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The petitioner must therefore prove that: (1) counsel's performance fell below an objective standard of reasonable representation; and (2) there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.*

{¶18} Furthermore, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶19} When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, the actual prejudice prong of *Strickland* breaks down into two components. First, the defendant must show that the motion or defense "is meritorious," and second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued. See *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); see, also, *State v. Santana*, 90 Ohio St.3d 513, 739 N.E.2d 798 (2001), citing *State v. Lott*, 51 Ohio ST.3d 160, 555 N.E.2d 293 (1990).

**{¶20}** In this case, appellant argues his trial counsel was ineffective for failing to raise in his motion to suppress the argument that the canine sniff unconstitutionally extended the stop. Further, that counsel was ineffective for failing to cross-examine two witnesses at the suppression hearing. Trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52. Counsel can only be found ineffective for failing to file a motion to suppress if, based on the record, the motion would have been granted. *State v. Lavelle*, 5th Dist. Stark No. 07 CA 130, 2008-Ohio-3119; *State v. Cheatam*, 5th Dist. Richland No. 06-CA-88, 2007-Ohio-3009. Based on this principle, the failure to raise a particular argument in support of a motion to suppress may constitute ineffective assistance when the record demonstrates the motion would have been granted had that argument been asserted. *State v. Neil*, 10th Dist. Franklin No. 14AP-981, 2016-Ohio-4762. "Counsel is not deficient for failing to raise a meritless issue." *State v. Massey*, 10th Dist. Franklin No. 12AP-649, 2013-Ohio-1521.

**{¶21}** When detaining a motorist for a traffic violation, an officer may delay a motorist for a time sufficient to issue a ticket or a warning. *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282. This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates. *Id.* However, a traffic stop may not be prolonged in order to conduct a dog sniff absent a reasonable suspicion of drug-related activity. *Rodriguez v. U.S.*, 575 U.S. ----, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015).

**{¶22}** Appellant focuses his extended detention argument on the fact that the scene was not "cleared" until one hour after the initial traffic stop and argues this testimony

should have prompted trial counsel to inquire further about the length of time it took the officer to complete the canine sniff.  However, as we have previously held, the pertinent question is not whether the dog sniff occurs before or after the officer issues or could have issued the initial ticket, but whether the dog sniff adds time to the stop.  *State v. Perkins*, 5th Dist. Richland No. 19CA38, 2019-Ohio-4328, *appeal not allowed*, 158 Ohio St.3d 1410, 2020-Ohio-518, 139 N.E.3d 926.  Once "a trained narcotics dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband."  *State v. Whitman*, 184 Ohio App.3d 733, 2009-Ohio-5647, 922 N.E.2d 293 (5th Dist.).

{¶23}  In this case, Kirby testified that from the time he initiated the stop and the canine unit arrived on the scene was approximately three minutes and thirty seconds and that he had not yet taken appellant's information back to the cruiser to check the driver and vehicle's status when the officer arrived with the canine.  Myrda testified when he arrived, approximately seven minutes after the stop, the canine sniff was in progress, as the officer was walking the canine around the car.  The testimony shows the canine arrived on the scene in three minutes and thirty seconds, and the dog sniff was in progress when Myrna arrived seven minutes after the initial stop.  Thus, the stop was not prolonged beyond the approximate ten minutes it usually took Kirby to issue a warning for excessive speed.  Once the canine alerted on the vehicle, the officer had probable cause to search the vehicle and extend the stop.  Appellant has failed to demonstrate a reasonable probability the motion to suppress would have been granted based upon extended detention to conduct a canine sniff.  We find it was reasonable for counsel to decide that filing such a motion would have been futile.  *State v. Remillard*, 5th Dist. Knox No.

18CA16, 2019-Ohio-3545;  see also *State v. Carter*, 5th Dist. Tuscarawas No. 2018 AP 11 0038, 2019-Ohio-2404 (trooper had not yet completed purpose of the stop when canine alerted on the vehicle six minutes after the initial stop so the stop was not unlawfully prolonged); *State v. Isles*, 5th Dist. Stark No. 2019 CA 00121, 2020-Ohio-3061 (no extended detention when K9 arrived within 9 minutes of the initial stop; the search did not extend the stop beyond what was necessary to issue a citation); *State v. Perkins*, 5th Dist. Richland No. 19CA38, 2019-Ohio-4328 (the canine arrived 11 minutes into the stop, stop was not "otherwise completed" at the time of the dog sniff).

{¶24}  Additionally, trial counsel's decision not to raise this particular argument in support of the motion to suppress and not cross-examine two witnesses at the suppression hearing may have been based on reasonable trial strategy.  The Ohio Supreme Court has recognized that if counsel, for strategic reasons, decides not to pursue every possible trial strategy, a defendant is not denied effective assistance of counsel.  *State v. Brown*, 38 Ohio St.3d 305, 528 N.E.2d 523 (1988).  A defendant has no constitutional right to determine trial tactics and strategy of counsel.  *State v. Cowans*, 87 Ohio St.3d 68, 717 N.E.2d 298 (1999).  Rather, decisions about viable defenses are the exclusive domain of counsel after consulting with the defendant.  *Id.*  Additionally, "the strategic decision not to cross-examine witnesses is firmly committed to trial counsel's judgment."  *State v. Ware*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263. Decisions regarding cross-examination are within trial counsel's discretion and generally do not form the basis for a claim of ineffective assistance of counsel.  *State v. Jefferson*, 5th Dist. Richland No. 18CA2, 2019-Ohio-156.

{¶25} Additionally, appellant's ineffective assistance of counsel claim based upon his trial counsel's failure to raise this issue before the trial court likewise lacks merit because appellant has failed to set forth sufficient operative facts to demonstrate prejudice resulting from his trial counsel's allegedly deficient representation. *State v. Calhoun*, 86 Ohio St.3d 289, 1999-Ohio-102, 714 N.E.2d 905.

{¶26} Finally, appellant presents no evidence outside the record other than his own affidavit to support his claim. In his affidavit, he avers only that the Knox County Public Defender was appointed to represent him and that he is filing the petition based upon ineffective assistance of counsel. As self-serving testimony, the trial court could give little or no weight to his affidavit. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); *State v. Cline*, 5th Dist. Licking No. 09 CA 52, 2009-Ohio-6208. The judge who reviewed appellant's post-conviction petition was the same judge who presided at the suppression hearing, plea hearing, and sentencing hearing of appellant. The trial judge was familiar with the underlying proceedings and was in the best position to assess the credibility of appellant. *Id.*

{¶27} The petition, supporting affidavit, file, and the record do not demonstrate appellant set forth sufficient operative facts to establish substantive grounds for relief concerning trial counsel's effectiveness. Accordingly, the trial court properly denied appellant's petition for post-conviction relief without holding an evidentiary hearing.

{¶28}  Based on the foregoing, appellant's assignment of error is overruled.  The May 7, 2020 judgment entry of the Knox County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur